# EXHIBIT B

Electronically FILED by Superior Court of California, County of Riverside on 11/12/2025 12:19 PM
Case Number CVME2512818 0000148046010 - Jason B. Galkin, Executive Officer/Clerk of the Court By Judith Soriano, Clerk

Leah Kisner. SBN: 253279
**The Law Office of Leah Kisner**
402 W. Broadway, Ste. 400
San Diego, CA 92101
(619) 363-4441
leah@lkcriminallaw.com

Royal DL Bond. SBN: 346254
**Bond Law Legal Group**
30141 Antelope Rd D228
Menifee, CA 92584
(844)476-9254
royal@bondlawlegal.com

Attorneys for Kerry Lugene Parker Jr

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| KERRY LUGENE PARKER JR., <br><br> Plaintiff(s), <br><br> vs. <br><br> COUNTY OF RIVERSIDE; SHERIFF CHAD BIANCO, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CAPTAIN JASMINE RODRIGUEZ; and DOES 1 THROUGH 50, inclusive, <br><br> Defendant(s). | Case No. CVME2512818 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **NEGLIGENCE** <br> 2. **NEGLIGENT HIRING, TRAINING, AND SUPERVISION** <br> 3. **FAILURE TO PROTECT/ GOV. CODE § 815.6** <br> 4. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983** <br> 5. **VIOLATION OF CALIFORNIA CIVIL CODE §52.1 (BANE ACT)** <br> 6. **BATTERY AGAINST DOE CORRECTIONAL OFFICERS)** <br><br> **DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff KERRY LUGENE PARKER JR, an individual, by and through his attorneys Leah Kisner and Royal DL Bond, Esq., and for his complaint against the above-named DEFENDANTS, and each of them allege as follows:

- 1 -
COMPLAINT FOR DAMAGES

## INTRODUCTON

1. This case challenges the willful and deliberate failure of Defendants to provide to Plaintiff KERRY LUGENE PARKER JR, a once incarcerated individual in their care and custody, safe and secure housing while incarcerated in the Riverside County jail at Cois Byrd Detention Center, commensurate with basic standards of decency. This case presents ongoing concerns and violations within the jails owned, operated, and located within the County of Riverside, managed by the Riverside County Sheriff's Department.

2. Defendants have neglected all duties to provide inmate/prisoners safe and secure housing mandated by clearly established laws and statutes. Plaintiff was forced to suffer injuries resulting from preventable actions of corrections staff.

3. As set forth below, Defendants have caused Plaintiff damages and harms for which he is undoubtedly entitled to be compensated for and to be made whole according to law.

## PARTIES

4. Plaintiff KERRY LUGENE PARKER JR. (hereinafter "Plaintiff") was at all relevant times an inmate in the custody of the Riverside County Sheriff's Department housed at the Cois Byrd Detention Center located at 30755-B Auld Road, Murrieta, California 92563.

5. Defendant CHAD BIANCO (hereinafter "Bianco") is, and at all relevant times was, the duly elected Sheriff of Riverside County, responsible for the management, training, supervision, and policy direction of the Riverside County Sheriff's Department and its correctional facilities, including the Cois Byrd Detention Center in Murrieta, California. Bianco exercised administrative authority over classification policies, inmate housing procedures, and medical response protocols affecting all persons in Riverside County Sheriff's Department custody.

6. Bianco is sued herein in both his individual and official capacities. In his individual capacity, Bianco is liable under 42 U.S.C. §1983 and California Government Code §§820(a), 815.6, and 845.6 for his direct acts and omissions, and for. His knowing maintenance of unconstitutional and usafe jail policies and practices. In his official capacity, Bianco's actions and policies are imputed to the Coutny of Riverside under *Monell v. Department of Social Services*, (1978) 436 U.S. 658.

7. Defendant COUNTY OF RIVERSIDE (hereinafter "County") is a public entity organized under the laws of the State of California and legally responsible for the operation, management, and maintenance of the Riverside County jails, including Cois Byrd Detention Center.

8. Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT (hereinafter "RCSD") is a department of the County of Riverside responsible for inmate housing, classification, safety, and supervision.

9. Defendant CAPTAIN JASMINE RODRIGUEZ (hereinafter "Rodriguez") was, at all relevant times, the commanding officer of Cois Byrd Detention Center(hereinafter "CBDC").

10. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under Article VI, §10 of the California Constitution and Government Code §§ 905 and 945.4.

12. Venue is proper in this Court because the acts and omissions giving rise to this action occurred in Riverside County, California.

13. Plaintiff timely filed a Government Tort Claim on May 15, 2025 (See Exhibit A), which was either denied or deemed rejected by the Board on June 3, 2025.

## FACTUAL ALLEGATIONS

14. On or about November 23, 2024, Plaintiff was housed at the CBDC in B-Pod, Cell 62.

15. Plaintiff was improperly housed with Nicazeo McDuffie Adger (Booking No. 202450076, CDCR No. BP6752), a Level 4 inmate known for violent tendencies and incompatible classification with Plaintiff.

16. Without provocation, Adger brutally assaulted Plaintiff, striking him multiple times in the head and face, causing catastrophic injuries including nerve and muscle damage, vision loss, and facial fractures requiring surgical repair and placement of a titanium plate.

17. Plaintiff was transported to Riverside University Health System (hereinafter "RUHS"), where he underwent surgery and continues to suffer from permanent impairment and disfigurement.

11/27/2025

18. Prior to the assault, Defendants knew or should have known that housing a Level 4 inmate with Plaintiff created a substantial risk of serious harm.

19. Despite this knowledge, Defendants failed to follow established classification and safety procedures, failed to supervise and monitor inmates appropriately, and failed to protect Plaintiff from known dangers.

20. Plaintiff's counsel, through attorney Leah Kisner, issued a Preservation of Evidence letter on December 17, 2024, to Captain Jasmine Rodriguez at CBDC (See Exhibit B), requesting that the Sheriff's Department preserve all surveillance video, body-worn-camera footage, reports, and witness statements. On information and belief, not all such evidence was preserved, further prejudicing Plaintiff's rights.

21. Pursuant to Gov. Code §815.2(a), a public entity is liable for injuries proximately caused by the negligent acts or omissions of its employees acting within the scope of employment.

22. Classification deputies, housing supervisors, and line officers at CBDC acted negligently by (1) misclassifying Plaintiff's housing assignment; (2) ignoring clear risk indicators regarding inmate Adger; and (3) failing to intervene or supervise adequately.

23. These acts were operational, not discretionary functions performed within the course of employment. Therefore, the County of Riverside is vicariously liable for its employees' negligence.

24. The derivative immunity in §815.2(b) does not apply because the employees themselves were not immune; their conduct violated mandatory safety protocols rather than policy-level discretion.

25. Title 15, California Code of Regulations §§1027(a), 1050, and 1053 impose mandatory duties on jail administrators to properly classify, house, and supervise inmates according to their custody level and propensity for violence.

26. Defendants breached these non-discretionary duties by knowingly housing Plaintiff, a lower-security inmate, with Adger, a violent Level 4 prisoner. The resulting assault and injuries—facial fractures, nerve damages, and vision loss—are exactly the type of harm these regulations were enacted to prevent.

27. Accordingly, Defendants' violation of these statutes give rise to liability under §815.6.

11/27/2025

28. After the assault, officers and jail medical personnel failed to promptly summon medical attention, despite visible evidence of serious injury. Under Government Code §845.6, both a public entity and its employees are liable if they know or have reason to know that a prisoner requires immediate medical care and fail to take reasonable action to summon it.

29. Officers had actual knowledge of Plaintiff's condition yet delayed notifying medical staff and transporting him to RUHS, aggravating his suffering and recovery. Such conduct satisfies all elements of §845.6 liability.

30. Plaintiff's federal civil rights and Bane Act causes of action are independent of state-law immunities.

31. Government Code §844.6 does not bar claims under 42 U.S.C. §1983 for deliberate indifference to safety or medical needs, nor does it immunize violations of the Eighth and Fourteenth Amendments.

32. These statutory duties and exceptions remove Defendants from the shield of Government Code §844.6 immunity and render the County of Riverside and its agents fully liable for the foreseeable and preventable injuries inflicted upon Kerry Lugene Parker Jr.

33. At all relevant times, Sheriff Chad Bianco personally oversaw, and approved inmate classification and housing policies used at CBDC. These policies permitted or tolerated the commingling of violent Level 4 inmates with non-violent detainees, in direct violation of Title 15 of the California Code of Regulations §§1027(a), 1050, and 1053, which require classification based on custody level, behavioral history, and security risk.

34. Prior to the assault on Plaintiff, Bianco was aware—through internal reports, staff complaints, and prior inmate assaults—of repeated safety breaches arising from improper housing assignments and inadequate supervision. Despite such knowledge, Bianco failed to implement corrective measures, discipline responsible staff, or modify RCSD policy to ensure compliance with Title 15 and departmental safety standards. This failure constituted deliberate indifference to the safety of persons in RCSD custody, including Plaintiff.

35. Bianco further failed to train, supervise, and monitor classification deputies, housing sergeants, and medical response staff. The inadequate training and supervision under his command

- 5 -
COMPLAINT FOR DAMAGES

resulted in foreseeable harm to inmates, including Plaintiff, who suffered severe and permanent injuries following his misclassification and delayed medical treatment.

36. Bianco's omissions were operational and ministerial in nature not discretionary policy decisions. He had a clear, non-discretionary duty to enforce inmate classification and safety protocols. His failure to do so breached mandatory duties under Government Code §§815.6 and 845.6 and reflects deliberate indifference under 42 U.S.C §1983.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION—NEGLIGENCE

(Against All Defendants)

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

38. Under Gov. Code §815.2(a), a public entity is liable for injuries proximately caused by an act or omission of an employee within the scope of employment. Jail officials owe inmates a duty of ordinary care to protect them from reasonably foreseeable harm, *Giraldo v. Cal. Dep't of Corr. & Rehab.*, 168 Cal.App.4th 231 (2008).

39. Defendants breached that duty by:

   a. Assigning Plaintiff to share a cell with a Level 4 inmate despite known violent history;

   b. Failing to conduct classification review under Title 15 Cal. Code Regs. §§ 1050-1053;

   c. Ignoring warnings or behavioral indicators regarding Adger's violence;

   d. Failing to supervise housing units and intervene in time to prevent injury; and

   e. Failing to secure a preserve evidence thereafter, compounding Plaintiff's harm.

40. These negligent acts and omissions were the direct and legal cause of Plaintiff's severe injuries, including permanent facial deformity, chronic pain, and psychological trauma.

41. The County's liability arises under respondeat superior and Gov. Code § 815.2(b), as no statutory immunity applies to negligent operational acts.

//

//

//

**SECOND CAUSE OF ACTION—NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

(Against County and RCSD)

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

43. Public entities may be liable under *C.A v. William S. Hart Union High Sch. Dist.*, 53 Cal.4th 861 (2012) for negligent supervision of employees whose misconduct causes harm.

44. Defendants County and RCSD owed a duty to hire and train correctional staff competent to ensure inmate safety, proper classification, and prompt medical response.

45. Defendants breached these duties by:

   a. Failing to train staff on inmate classification protocols;
   b. Failing to discipline deputies who routinely missed high-risk inmates with lower-security detainees; and
   c. Maintaining policies that prioritized bed space over safety.

46. These failures created an unreasonable risk of foreseeable assaults such as the one against Plaintiff and constitute independent negligence for which the County is directly liable.

47. Defendant Bianco, as the supervisory official responsible for correctional training and housing operations, negligently hired, trained, and supervised subordinates at CBDC. His failure to provide adequate instruction and oversight regrading inmate classification, risk assessment, and emergency response was a substantial factor in causing Plaintiff's injuries. Pursuant to Government Code § 820(a), Bianco is personally liable for these negligent acts and omissions committed within the scope of his employment.

**THIRD CAUSE OF ACTION—FAILURE TO PROTECT (Gov. Code § 815.6)**

(Against All Defendants)

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

49. A public entity is liable where a statute imposes a mandatory duty intended to protect against a particular kind of injury.

- 7 -
COMPLAINT FOR DAMAGES

50. Title 15 CCR § 1027(a) (Supervision of Inmates) and § 1053(a) (Inmate Housing) mandate that jail administrators ensure housing assignments consistent with each inmate's classification and risk level.

51. Defendant's failure to comply with these regulations proximately caused Plaintiff's assault, precisely the harm those statures were designed to prevent.

52. Under *Haggis v. City of Los Angeles*, 22 Cal.4th 490 (2000), the violation of mandatory statutory duties supports liability under § 815.6 where, s here, the regulation is obligor and the injury is of the type it sought to avert.

53. Defendant Bianco was responsible for ensuring compliance with the mandatory duties set forth in Title 15 CCR §§ 1027(a), 1050, 1053, and failed to do so. His breach of these mandatory duties directly caused the injuries suffered by Plaintiff, and his conduct falls within the mandatory-duty exception to public entity immunity under Government Code § 815.6.

54. Accordingly, Defendants are liable for damages under § 815.6 for failure to perform there mandatory duties to classify, monitor, and protect Plaintiff.

**FOURTH CAUSE OF ACTION—VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

(Against BIANCO, RCSD, Captain Rodrigues, and DOES 1-25)

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

56. Defendants, acting under color of state law, deprived Plaintiff of his constitutional rights secured by the Eighth and Fourteenth Amendments to be free from violence and to receive prompt medical care while in custody.

57. Sheriff Bianco personally maintained, enforced, and ratified policies and practices that resulted in the systemic misclassification of inmates, inadequate supervision of housing units, and delayed medical care for injured prisoners. Bianco knew or should have known that these practices had caused repeated inmate assaults and serious injuries, yet he failed to act to prevent further harm.

58. Bianco's deliberate indifference to the known risk of serious harm and to the need for adequate medical response constitutes a violation of clearly established constitutional rights. His omissions and failures were a direct and proximate cause of Plaintiff's injuries, satisfying the personal involvement

11/27/2025

and knowledge standard for supervisory liability under *Starr v Baca*, (9th Cir. 2011) 652 F.3d 1202 and *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630.

59. As a result of Defendants' acts and omissions, Plaintiff suffered severe physical pain, disfigurement, emotional distress, and constitutional injury.

60. Defendants exhibited deliberate indifference to Plaintiff's safety by knowingly housing him with a violent Level 4 inmate despite an obvious risk of serious harm *Farmer v. Brennan,* 511 U.S. 825 (1994).

61. Captain Rodriguez and supervisory Does maintained customs and policies that failed to (a) enforce proper classification, (b) monitor inmate compatibility, and (c) preserve incident evidence—amounting to deliberate indifference under *Monell v. Dep't of Soc. Sers.*, 436 U.S. 658 (1978).

62. These acts and omissions additionally caused Plaintiff's injuries and violated his constitutional rights to safety and due process.

63. Plaintiff seeks compensatory and punitive damages under 42 U.S.C. § 1983 and attorney fees under § 1988.

**FIFTH CAUSE OF ACTION—VIOLATION OF CIVIL CODE § 52.1 (BANE ACT)**

(Against All Defendants)

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

65. The Bane Act provides a private right of action where a person's constitutional rights are interfered with by threats, intimidation, or coercion.

66. Defendants' deliberate housing decision—knowingly placing Plaintiff in a cell with an inmate posing a high risk of violence—constitutes coercion on violation of Plaintiff's right to be free form inhumane treatment and violence while in custody, *Cornell v City & County of San Francisco*, 17 Cal.App.5th 766 (2017).

67. The reckless disregard of Plaintiff's safety, and subsequent obstruction through evidence spoliation, demonstrate intent and coercion sufficient to support liability under § 52.1.

68. Plaintiff seeks general and punitive damages, and attorney fees pursuant to §52.1(h).

- 9 -
COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION—BATTERY

(Against DOE Correctional Officers)

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

70. To the extent correctional officers used or allowed excessive force in response to the incident, their conduct constituted an intentional and harmful contact without consent.

71. Defendants are liable under Gov. Code S 815.2 for their employees' batteries committed within the scope of employment.

72. Plaintiff suffered bodily injury, pain, and mental anguish as a proximate result of said unlawful touching.

**DAMAGES AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants with the exception of punitive damages which Plaintiff only prays for against individual Defendants as follows:

1. For general damages an amount according to proof;
2. For special damages including medical expenses and out-of-pocket costs;
3. For emotional distress damages;
4. For punitive and exemplary damages as to the intentional torts;
5. For costs of suit herein incurred;
6. For any other relief the Court deems just and proper;
7. For declaratory and injunctive relief, and attorney's fees pursuant to 42 U.S.C. § 1983 as permitted by law.

DATED: October 31, 2025`

Respectfully Submitted

Leah Kisner, Esq., Attorney

Royal DL Bond, Esq.

Attorneys for Kerry Lugene Parker Jr

- 10 -
COMPLAINT FOR DAMAGES

## VERIFICATION

I. Kerry Parker. am the PLAINTIFF in the above-entitled matter. I have read the foregoing VERIFIED CIVIL COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES and I know the contents thereof. The contents are true of my own knowledge, except as to those matters stated on information and belief, which I believe to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Indio, CA on 11/10/25

By: _____
Kerry Parker. PLAINTIFF

11/27/2025

EXHIBIT A

11/27/2025



OFFICE OF THE
**CLERK OF THE BOARD OF SUPERVISORS**
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA 92502-1147
PHONE: (951) 955-1060    FAX: (951) 955-1071

**KIMBERLY A. RECTOR**
Clerk of the Board of Supervisors

**APRIL BOYDD**
Assistant Clerk of the Board

June 3, 2025

KERRY LUGENE PARKER
C/O LAW OFFICE LEAH KINSER, APC
402 W. BROADWAY, SUITE # 400
SAN DIEGO, CA 92101

RE: NOTICE OF REJECTION OF CLAIM
Claimant(s):          PARKER, Kerry Lugene
Date of Loss:         11/23/2024
Claim No:             302-25
Date Claim Received:  05/15/2025

Notice is hereby given that the claim you presented to the Clerk of the Board of Supervisors was rejected by the Board on June 3, 2025.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This warning, and the six-month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kimberly A. Rector
Clerk to the Board of Supervisors

By:
Daniel Lopez, Clerk of the Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on June 3, 2025.

Daniel Lopez, Clerk of the Board Assistant

RM: 202445934                                                                   GL090

11/27/2025

# EXHIBIT B

11/27/2025



December 17, 2024

Captain Jasmine Rodriguez
Riverside County Sheriff
Cois Byrd Detention Center
30755-B Auld Road
Murrieta, California 92563

Re: Preservation of Evidence

Dear Captain Rodriguez,

This is a formal notice requesting the preservation of any and all evidence, including, but not limited to video surveillance, body worn camera, correctional deputy reports, in-house classification records, in house medical records, and witness statements for an assault upon my client, Kerry Parker Jr. This assault occurred on November 23, 2024 at the Cois Byrd Detention Center, at approximately 10:40 a.m., in the B-Pod, cell 62 at which my client, Kerry Lugene Parker Jr. (Booking Number 202437748, CDCR Number K69780, DOB 04.07.1975) was brutally assaulted by Nicazeo McDuffie Adger (Booking Number 202450076, CDCR Number BP6752, DOB 10.08.1992).

On behalf of my client, Kerry Parker Jr., we are requesting a full investigation related to this assault and my client is requesting prosecution for said assault committed by Mr. Adger.

If you have any questions, please feel free to contact me directly. I can be reached via email at leah@lkcriminallaw.com, or telephonically at (619) 363-4441. I appreciate your attention to this matter.

Respectfully,

Leah Kisner, Esq., CCLS

CC    Lori Meyers, Attorney at Law
      Gary Adams, Private Investigator

402 W. Broadway, Suite 1300
San Diego, CA 92101
619-363-4441

11/27/2025